AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Dexter Curtis TYE<br>*Defendant(s)* | ) ) ) ) ) ) ) Case No. 2:25-mj-704 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __12/11/2025__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 (a)(1) & (b)(1)(A)(viii) | Possession with the Intent to Distribute at Least 500 grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine. |
| 21 U.S.C. § 846 | Conspiracy to Possess with the Intent to Distribute |

This criminal complaint is based on these facts:
See attached Affidavit, which is fully incorporated herein.

☒ Continued on the attached sheet.

BRANDON BURNHAM
*Digitally signed by BRANDON BURNHAM*
*Date: 2025.12.16 11:40:25 -05'00'*

*Complainant's signature*

DEA Special Agent Brandon Burnham
*Printed name and title*

Sworn to before me and signed in my presence.
VIA FACETIME

Date: 12/16/2025

City and state: Columbus, Ohio

Elizabeth A. Preston Deavers, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE CRIMINAL COMPLAINT OF: ) ) ) | |
| | Case No. 2:25-mj-704 |
| DEXTER C. TYE ) | |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Brandon Burnham, being duly sworn, depose and state the following:

### INTRODUCTION

1. I am a Special Agent of the Drug Enforcement Administration (DEA), assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). During this time, your affiant has accumulated the following training and experience:

2. I graduated from the DEA Academy located in Quantico, Virginia in 2024. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, and money laundering investigations.

3. As a DEA agent, I have participated in the execution of search warrants at residences of narcotics traffickers, safe houses, and have participated in several search warrants and investigations for drug related offenses.

1

4. As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking cocaine and fentanyl, and its analogues, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. I know that these are controlled substances under 21 U.S.C. § 801.

5. During the course of my law enforcement career, I have had experience in debriefing defendants, interviewing participating witnesses, cooperating individuals, and other persons who have personal knowledge and experience regarding the amassing, spending, transportation, distribution and concealment of records and proceeds of trafficking in controlled substances.

6. Before joining DEA, I was a police officer in the City of Utica, New York, City of Fort Wayne, Indiana and Town of Camillus, New York for approximately a total of seven years. During the course of my career as a Police Officer, I have participated in numerous narcotics investigations, narcotics possession and search warrants.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers. This affidavit is intended to show merely that there is sufficient probable cause to find that Dexter Curtis **TYE** has committed violations of federal law, including 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii), Possession with the Intent to Distribute at Least 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, and 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute, in support of the requested federal criminal complaint and arrest warrant.

8. My knowledge of this investigation is based upon my own personal observations, as well as the observations and investigations conducted by other law enforcement officers and

investigators concerning the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause.

## SUMMARY OF PROBABLE CAUSE

9. On or about the month of July 2025, investigators from the Columbus District Office (CDO) began an investigation into the **TYE** Drug Trafficking Organization (DTO) operating in the Southern District of Ohio. Throughout the course of the investigation, multiple controlled purchases of crystal methamphetamine were conducted utilizing a Confidential Source (CS).

10. During the investigation, **TYE**'s residence was identified as 1785 Woodview Court, Apartment C, Reynoldsburg, Ohio, 43068, hereinafter referred to as **PREMISES 1**. Through physical surveillance, investigators observed **TYE** exit the apartment door of **PREMISES 1** and enter the driver's seat of a silver Chevrolet Impala, bearing Ohio license plate KBJ8904 registered to **TYE** at **PREMISES 1**. Law enforcement database inquiry of the Ohio driver's license of **TYE** resulted as **PREMISES 1** being the registered address for **TYE**. Investigators observed **TYE** get into the silver Impala and drive away from the apartment complex. **TYE** was observed on multiple occasions leaving his residence and traveling to a townhome located at 1266 Stevenlane Boulevard, Columbus, Ohio, 43232, hereinafter referred to as **PREMISES 2**. Investigators further observed **TYE** using a key to enter **PREMISES 2** for a short amount of time of a few minutes and leave in his Impala to conduct multiple crystal methamphetamine drug transactions.

11. On or about November 14, 2025, Investigators observed a gray Nissan, bearing Ohio license plate KEF1180 registered to Co-Conspirator 1 at **PREMISES 2**, parked in an

3

assigned parking space for **PREMISES 2**. Approximately thirty minutes later, investigators observed Co-Conspirator 1 exit the front door of **PREMISES 2**. Investigators were able to positively identify Co-Conspirator 1 through a law enforcement database search of his Ohio driver's license photograph. Further law enforcement database research revealed that Co-Conspirator 1's Ohio driver's license registered address is **PREMISES 2**. Investigators then observed Co-Conspirator 1 enter the gray Nissan to depart the townhome complex. Investigators identified Co-Conspirator 1's telephone number and through toll analysis research it was found that Co-Conspirator 1 communicated to **TYE** on multiple occasions in June and July of 2025 and specifically a day prior to a controlled purchase of crystal methamphetamine during the investigation.

12. On December 10, 2025, a federal search warrant was signed by United States Magistrate Judge Elizabeth A. Preston Deavers of the Southern District of Ohio for **TYE**'s apartment, **PREMISES 1**, and the crystal methamphetamine stash location, **PREMISES 2**.

13. Pursuant to the federal search warrant executed on December 11, 2025, at **PREMISES 1**, **TYE** was located inside. Investigators advised **TYE** of his Miranda Rights in which **TYE** waived his rights and agreed to answer questions. Investigators interviewed **TYE** who admitted being the sole person facilitating the sales and distribution of the crystal methamphetamine from **PREMISES 2**. **TYE** stated that he would sell one pound of crystal methamphetamine from **PREMISES 2** for approximately $1,400. **TYE** advised he coordinated the arrival of multiple shipments of crystal methamphetamine and personally transported approximately fifteen to twenty pounds of crystal methamphetamine approximately once a month to be dropped off inside **PREMISES 2**. **TYE** advised the most recent crystal

methamphetamine shipment received was a total of fifteen pounds and that he had knowledge of the eleven pounds of crystal methamphetamine that was seized from the search warrant.

14. Pursuant to the federal search warrant executed on December 11, 2025, at **PREMISES 2,** Co-Conspirator 1 was located inside. Approximately 11 pounds (5,950 gross grams) of crystal methamphetamine was seized and field tested positive for methamphetamine. The crystal methamphetamine seized was individually packaged into one-pound quantities and is described as a plastic Ziploc bag containing the suspected crystal methamphetamine which was then vacuum sealed multiple times. Investigators observed the packaging to be similar to the crystal methamphetamine seized from controlled purchases throughout the investigation. Investigators advised Co-Conspirator 1 of his Miranda rights in which he waived and agreed to answer questions. Co-Conspirator 1 stated he had an agreement with **TYE** to stash the crystal methamphetamine at his townhome **(PREMSIS 2)**. Co-Conspirator 1 advised he would transport approximately fifteen to twenty pounds of crystal methamphetamine to be dropped off inside of **PREMISES 2**. Co-Conspirator 1 further stated the crystal methamphetamine has been stashed at **PREMISES 2** for approximately eight months.

15. Based upon my training, experience and my review of the evidence gathered by agents and other investigators assigned to this investigation, there is probable cause to believe that Dexter Curtis **TYE** has violated federal law, including 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii), Possession with the Intent to Distribute at Least 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, and 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute. This affidavit is in support of a request for the issuance of a Federal complaint and Arrest Warrant for Dexter Curtis **TYE**.

## CONCLUSION

16. Based upon this information, your affiant believes probable cause exists that Dexter Curtis **TYE** has violated 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii), Possession with the Intent to Distribute at Least 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, and 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute.

BRANDON BURNHAM
Digitally signed by BRANDON BURNHAM
Date: 2025.12.16 11:43:12 -05'00'

Brandon Burnham
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this 16th day of December, 2025.

Honorable Elizabeth A. Preston Deavers
United States Magistrate Judge

6